

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~GROVER SELLERS~~ PERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable W. P. Sexton
County Attorney
Orange County
Orange, Texas

Opinion Number O-2174
Re: Construction of the word "majority"
in Article 2807, Vernon's Annotated
Civil Statutes

Dear Sir:

This acknowledges receipt of your opinion request and we quote from your letter as follows:

"I am asked for a construction of some of the language in Article 2807 of Vernon's Texas Civil Statutes, to the tenor following:

'If a _majority_ of said voters should vote at _either_ of said elections to assume and pay off said bonded indebtedness then said bonded indebtedness shall be-come valid, etc.'

"Briefly, the facts are that an election is to be held for the purpose of consolidating the Orangefield Independent School District and the Winfree Common School District. The latter has no indebtedness of any kind and has some money in its treasury. The former, the Orangefield Independent School District, has a bonded indebtedness. At the time of or after the consolidation of these two districts, if by vote they are consolidated, an election will be held on the question of assuming the outstanding bonds of said Orangefield Independent School District. In view of the foregoing, facts, does the language heretofore quoted mean a majority of the voters in said district as consolidated or does it mean a majority of the voters in either of said school districts. In other words, if there should be a majority of the voters in said Orangefield Independent School District voting for an assumption of said bonded indebtedness and said majority should not be a majority of the voters in the two school districts, would this meet the definition in the statute of the word 'majority' as heretofore quoted, or if there should be a majority of the voters in the Winfree Common School District voting for an assumption of the indebtedness, would this be a majority within the meaning of the above provision?"

Article 2807, Vernon's Annotated Civil Statutes, provides, in part, as follows:

"If at the time of such proposed consolidation there are outstanding bonds of any such districts, then at an election held for that purpose on some future day, there shall be, or at the election held for the purposes of consolidation, there may be, submitted to the qualified tax paying voters of such proposed consolidated district the question as to whether or not the said consolidated district shall assume and pay off said outstanding bonds and whether or not a tax shall be levied therefor. If said election on the question of assuming said outstanding bonds is held on the day upon which the election on the question of consolidation is held, there shall be separate notices, ballots, and ballot boxes and tally sheets for the two separate elections. If a majority of said voters should vote at either of said elections to assume and pay off said bonded indebtedness then said bonded indebtedness shall become valid and subsisting obligations of said consolidated district, ***"

In a bond assumption election the voters in all districts affected by the consolidation vote as a unit, and in determining whether or not the assumption election has carried, you do not consider whether or not the voters of one district or another have voted for or against the assumption of the outstanding indebtedness, but it is the total vote of the entire district as consolidated, or to be consolidated, that determines whether or not the election has carried.

It is the opinion of this department that the word "majority", as used in Article 2807, Vernon's Annotated Civil Statutes, means the majority of all of the qualified voters voting at the assumption election, regardless of whether they vote at two separate elections held on the day upon which the election on the question of consolidation is held or whether they vote at one election on some future date in said district as consolidated.

Trusting that this answers your question, we are

APPROVED MAY 23, 1940
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS
APPROVED OPINION COMMITTEE
BY  RWF  CHAIRMAN
THIS OPINION CONSIDERED AND
APPROVED IN LIMITED CONFERENCE

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By  s/ Claud O. Boothman
    Claud O. Boothman
       Assistant

COB-s:hep